Appeals from a judgment of the Supreme Court in favor of defendant, entered November 10, 1949, in New York County, upon a decision of the court at a Trial Term, without a jury.

Per Curiam.

In this action to recover the amount of advance payments made to defendant on account of syrup to be delivered to plaintiff, defendant has succeeded in procuring a judgment for $1,800, representing the difference between the amount of plaintiff’s claim as established to the satisfaction of the trial court, and a counterclaim for $5,000 for alleged damages sustained by defendant by reason of plaintiff’s wrongful action in causing defendant’s sugar ration to be suspended by the Office of Price Administration (O.P.A.) for a period of fourteen months. The allegations of the counterclaim are that plaintiff fraudulently requested the New York office of the O.P.A. to send to plaintiff’s address all sugar certificates to which defendant was entitled, falsely representing to said agency that plaintiff’s address was where defendant’s business was being conducted; that by reason of plaintiff’s fraudulent and illegal actions the O.P.A. annulled defendant’s sugar registration and voided his rationing rights pending an investigation, with the result that defendant was forced to suspend operations and required to incur the services of an attorney to appeal to the Deputy Administrator in charge of rationing in Washington, D. C., who ordered the restoration of all rationing rights to defendant.
Although the learned Trial Justice found in favor of defendant on the counterclaim, we are unable to see that defendant adequately established the counterclaim in the evidence.
While it sufficiently appears that plaintiff sent the communication complained of to the O.P.A., it does not sufficiently appear that there was any suspension of defendant’s rations by the O.P.A. Defendant admitted that he was not served with any charges by the O.P.A., that he never received any notice of suspension, and that the only communication he received from the O.P.A. was a letter requesting him to call at the O.P.A. office in connection with the communication from plaintiff. Defendant was apparently having difficulty about his sugar allotment prior to the alleged suspension and all there is to sustain his claim of suspension is his testimony that his rations were suspended pending investigation. All that is shown as to what transpired before the O.P.A. is defendant’s testimony that he appeared at the O.P.A. with plaintiff’s president on several occasions. Testimony as to the conversation on those occasions was excluded on plaintiff’s objection. There was no attempt to show that any appeal was required to be taken or was taken to the Deputy Administrator in Washington, as alleged in the counterclaim.
It may be that defendant can establish his counterclaim and we think that the evidence as to what took place in the office of the O.P.A. when plaintiff’s president and defendant were present should have been admitted. On the other hand, it does seem that if a suspension was imposed it could be established bv some *839 records of the O.P.A. or testimony beyond the mere say so of defendant. Under the circumstances the judgment should be reversed as to the counterclaim and a new trial ordered. In other respects, the judgment should be affirmed. Costs to appellant to abide the event.
Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ., concur.
Judgment, as to the counterclaim, unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. In other respects the judgment is affirmed. Settle order on notice.